IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CECILIA ADELE FANCEY, | |
| Plaintiff, | |
| v. | Civil Action No.: GJH-22-2143 |
| CHRISTOPHER B. BERKEY, | |
| Defendant. | |

**MEMORANDUM ORDER**

Plaintiff Cecilia Adele Fancey filed the above-captioned Complaint on August 24, 2022 and paid the full filing fee. ECF No. 1. For the reasons stated below, the Complaint must be dismissed.

Plaintiff alleges that Defendant Christopher B. Berkey, a contractor, owes her $16,975 on an outstanding loan and a $3,000 refund on an unfinished construction project. ECF No. 1 at 6. Plaintiff seeks to repossess Defendant's truck which was purchased with the loan and to garnish Defendant's wages to pay the $3,000 refund. *Id.* at 7.

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter

jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff states that the Court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent cause of action. Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

At best, Plaintiff's Complaint brings a claim for breach of contract against Defendant, which does not state a federal cause of action. This claim instead arises under Maryland law and may be raised in a state court, but cannot be brought in this Court, absent a basis for federal jurisdiction. As such, the Complaint does not establish federal question jurisdiction under 28 U.S.C. § 1331.

The Court also notes that there is no basis for diversity jurisdiction in this case either. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). As both parties reside in Maryland, there is no diversity between the parties to confer jurisdiction upon the Court.

Without a jurisdictional basis for suit in federal court, Plaintiff's claim is factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal jurisdiction.

Accordingly, it is this 15th day of September, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction;

2. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

3. The Clerk SHALL CLOSE this case.

9/15/2022
Date

GEORGE J. HAZEL
United States District Judge